# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 18, 2004

## STATE OF TENNESSEE v. ERIC THOMAS NOE

**Direct Appeal from the Criminal Court for McMinn County**
**No. 03-231    R. Steven Bebb, Judge**

_____

**No. E2004-00550-CCA-R3-CD - Filed January 7, 2005**

_____

Hayes, David G., J., dissenting, with regard to sentencing modification.

The majority concludes that modification of the Defendant's sentence is required in light of *Blakely v. Washington*, 542 U.S.___, 124 S. Ct. 2531 (2004). I must respectfully dissent.

Any sentencing challenge available to the Defendant under *Blakely* is waived because the Defendant did not object at the sentencing hearing to what he now contends is a constitutionally invalid sentencing scheme. *See* Tenn. R. App. P. 36(a). I see no valid reason to exempt an *Apprendi/Blakely* claim from established rules of appellate procedure. In *United States v. Cotton*, 535 U.S. 625, 631-34, 122 S. Ct. 1781, 1785-87 (2002), the Supreme Court held, after its decision in *Apprendi*, that a defendant's claim of right to a trial and finding by a jury on a fact used to enhance his sentence was forfeited because it was not raised at trial. This is precisely the issue before us in this case. Review and modification of the Defendant's sentence for the first time on appeal not only has the effect of removing the trial court as the primary sentencing court, it also denies the State the opportunity to be heard in the sentencing decision. Because the issue is waived, it is reviewable on appeal only under the discretionary authority of plain error. *See* Tenn. R. Crim. P. 52(b).

An appellate court is permitted to correct plain error, or in this case *Blakely* error, only when the error is "of such a great magnitude that it probably changed the outcome of the trial." *State v. Adkisson*, 899 S.W.2d 626, 642 (Tenn. Crim. App. 1994). The record supports application of enhancing factors (2), prior criminal history, and (9), previous history of unwillingness to comply with conditions of release. These factors were not contested at sentencing, nor are they controverted on appeal. The majority rejects factor (9), not because it does not exist, but because it violates *Blakely*. I find, however, under plain-error review, that had a jury heard the uncontested proof with regard to factor (9), its verdict would have been the same. Accordingly, the Defendant has failed to establish prejudice. It is the Defendant, not the State, who has the burden of establishing how the *Blakely* error changed the outcome of the sentencing decision.

For these reasons, I would affirm the Defendant's sentence of six years.

_____
David G. Hayes, Judge